UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11717-GAO

CHARLES LANGONE, as FUND MANAGER of the
NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,
Plaintiff,

v.

SON, INC., JAMES F. HUDSON, and ALLISON PALMER STOCKAMORE
and ELIZABETH SHELBY HUDSON as Co-Personal Representatives
of the Estate of J. MORGAN HUDSON, Deceased,
Defendants.

ORDER ON REPORT AND RECOMMENDATION
June 15, 2015

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the defendants James F. Hudson and J. Morgan Hudson's motion to dismiss (dkt. no. 23) be granted for lack of personal jurisdiction and that the plaintiff's motion for leave to amend (dkt. no. 27) be denied. The plaintiff filed an untimely objection to the Report and Recommendation ("R&R"). The defendants moved to strike the objection to the R&R, and the plaintiff opposed that motion.

In his objection, the plaintiff asks this Court to review "new evidence" supporting personal jurisdiction, to allow an additional amendment of the complaint to include new ERISA counts, and to consider transferring the case under 28 U.S.C. § 1631. None of these requests is an actual objection to the magistrate's specific findings and recommendations. Instead, they are a general objection to dismissal of the claims. The plaintiff's "new evidence" objection is in fact a new "argument which could have been, but inexplicably was not, presented to the magistrate in the first instance." Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (internal

quotation omitted). An objection to an R&R is not the proper venue to present new legal arguments. Paterson-Leicht Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988); Borden, 836 F.2d at 6 ("Parties must take before the magistrate, not only their 'best shot' but all of their shots.").

The plaintiff's second objection likewise does not identify an error in the magistrate's analysis but instead seeks leave to amend the complaint yet again. The plaintiff has already presented four iterations of his complaint, none of which has been free from jurisdictional defect; there is really not a good reason to give him a fifth attempt.

Finally, I decline to transfer this case pursuant to 28 U.S.C. § 1631 because, while the matter is not free from doubt, I have concluded that transfer is proper under § 1631 only where subject matter jurisdiction, not personal jurisdiction, is lacking. Fed. Home Loan Bank of Boston v. Ally Fin., Inc., No. 11-cv-10952-GAO, 2014 WL 4964506, at *4 (D. Mass. Sept. 30, 2014). The plaintiff, of course, may refile his case against the Hudson defendants in the District of New Jersey. Even were I to order a transfer to that district, it would be appropriate to sever the claims and parties beforehand. See Fed. R. Civ. P. 21; see also Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003). There is not sufficient overlap between the claims against Son, Inc. that these separate actions would result in piecemeal litigation. The claims would be adjudicated on separate facts if this case were to be tried here in its present architecture.

Accordingly, having carefully reviewed the pleadings, the parties' submissions, the R&R, the plaintiff's objection, and the motion to strike the objection and accompanying opposition, I ADOPT the magistrate judge's recommendation in its entirety. The defendants' motion to dismiss (dkt. no. 23) is GRANTED. The plaintiff's motion for leave to amend (dkt. no. 27) is DENIED.

The defendants' motion to strike the plaintiff's objection to the R&R (dkt. no. 45) is DENIED in the sense only that the objection remains a part of the record.

The claims are dismissed as against James F. Hudson and against Allison Palmer Stockamore and Elizabeth Shelby Hudson, as co-personal representatives of the Estate of J. Morgan Hudson, for lack of personal jurisdiction over those parties. This action may proceed against the remaining defendant, Son, Inc.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER
of the NEW ENGLAND TEAMSTERS AND
TRUCKING INDUSTRY PENSION FUND,
    Plaintiff,

v.                                                        CIVIL ACTION NO. 12-11717-GAO

SON, INC.; JAMES F. HUDSON; and
ALLISON PALMER STOCKAMORE and
ELIZABETH SHELBY HUDSON as Co-
Personal Representatives of the Estate of
J. MORGAN HUDSON, Deceased,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (#23)
AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND (#27)

KELLEY, U.S.M.J.

      Plaintiff Charles Langone, the manager of a pension fund, brought this Employee Retirement Income Security Act ("ERISA") action to enforce an arbitrator's decision that Defendant Son, Inc., is jointly and severally liable with others for amounts due because of a subscriber's withdrawal from the fund. Langone also sued Defendants James F. Hudson and J. Morgan Hudson, Son, Inc.'s shareholders, ("the Hudson defendants") under the New Jersey Uniform Fraudulent Transfer Act, to recover proceeds from sales of Son Inc.'s property. The Hudson defendants moved for dismissal of the second amended complaint under Rules 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure. Langone responded in opposition to their motion and, in the alternative, sought leave to amend his complaint. For the reasons that follow, I recommend that the Motion to Dismiss (#23)

be ALLOWED, for lack of personal jurisdiction, and that the Motion for Leave to Amend (#27) be DENIED as futile.

I.  BACKGROUND

Charles Langone is the Fund Manager for the New England Teamsters and Trucking Industry Pension Fund. (Second Amended Complaint, #17 at 1.) Under ERISA, the statute that governs such funds, the Pension Fund is a "multi-employer plan."[1] *See* 29 U.S.C. § 1002. The fund's principal place of business is in Burlington, Massachusetts, and it is administered from that location. (#17 at 1.)

Bridgeport Steel Company was an employer that was obligated to make contributions on behalf of certain employees to the Pension Fund. (*Id.* at 2.) In June 2007, Bridgeport ceased to have an obligation to contribute to the fund. (*Id.* at 2-3.) The fund notified Bridgeport that, due to its withdrawal, it owed $234,713.00, representing its "proportionate share of the Pension Fund's unfunded vested benefit liability." (*Id.* at 3.) Bridgeport failed to pay. (*Id.*) The fund then filed suit in this court, *Langone v. Bridgeport Steel, et. al.*, 08-cv-10420-NMG, against Bridgeport and also several other companies that were determined to be entities under common control with Bridgeport, ("the judgment defendants") as defined by ERISA regulations. (*Id.*) A Motion for Summary Judgment was granted in favor of the Pension Fund and on November 29, 2010, the fund was

---

[1] Under ERISA, a "multiemployer plan" is a plan:

(i) to which more than one employer is required to contribute,

(ii) which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer, and

(iii) which satisfies such other requirements as the Secretary may prescribe by regulation.

29 U.S.C. § 1002 (37)(A).

awarded a judgment in the amount of $373,906.60 against the judgment defendants, a sum that included the original withdrawal amount as well as interest, damages, fees and costs. (*Id.*) To date, none of the judgment defendants has paid anything.

On September 14, 2012, Langone filed this lawsuit against Son, Inc., a New Jersey Corporation, alleging that the company is under "common control" along with the judgment defendants and thus is also liable for the judgment. (Original Complaint, #1 at 3-4.) In the complaint, Langone stated that he had recently learned that James Hudson and J. Morgan Hudson, who were officers, directors, and the sole shareholders of judgment defendant Grammar, Dempsey, and Hudson, Inc., were also officers, directors, and the sole shareholders of Son, Inc. (*Id.* at 2-3.) The Hudson defendants were residents of New Jersey.

On October 10, 2012, Langone filed an amended complaint, joining the Hudsons as defendants. (First Amended Complaint, #5 at 2, 4-6.) Langone claims that, in December 2008 and July 2010, Son, Inc., sold property that represented most or all of its assets in order to avoid its responsibilities to the fund, in violation of the New Jersey Uniform Fraudulent Transfer Act. (#17 at 5-6.) The proceeds from the sales went to the two Hudson defendants. (*Id.*; Affidavit of Melissa Brennan, #28 at 1-2.) Langone asks that the Court set aside the transfer of sale proceeds to the Hudson defendants, and order that the funds be used to satisfy the judgment. (#17 at 6.)

On November 9, 2012, Son, Inc., filed a demand for arbitration under ERISA § 4221, 29 U.S.C. § 1401, seeking a finding that it has "no withdrawal liability or that withdrawal liability be reduced." (*Id.* at 4.) On July 7, 2013, the arbitrator ruled against Son, Inc., holding that the company was "jointly and severally liable for the withdrawal liability and accrued interest resulting

from the withdrawal of Bridgeport Steel." (*Id.* at 4 & exh. 1.) On January 30, 2014, the arbitrator issued a Stipulation of Arbitration award, which provided as follows:

> The New England Teamsters and Trucking Industry Pension Fund (the "Pension Fund") and Son, Inc. ("Son") agree that based on the Arbitrator's grant of Summary Judgment in favor of the Pension Fund, the following award should enter in the arbitration matter between the two parties:
>
> 1. The award should enter against Son, Inc. for the following:
>
> a. $373,906.60, the outstanding amount of the judgment awarded in Charles Langone v. Bridgeport Steel, et al., C.A. 08-10420 NMG;
>
> b. Accumulated post judgment interest as of November 29, 2013 in the amount of $2,692.13; and
>
> c. $12,000 in legal fees (the "Legal Fees") incurred by the Pension Fund in this arbitration.
>
> d. The sum of paragraphs 1.A, 1.B and 1.C shall be known as the "Total Award."
>
> 2. The award is subject to continuing post judgment interest rate of .24%.

(*Id.* at exh. 2.) Plaintiff amended his complaint again on March 17, 2014, to seek enforcement of the arbitration award. (*Id.* at 1.)

On April 9, 2014, James and J. Morgan Hudson filed a motion to dismiss the action against them for lack of personal jurisdiction and for failure to state a claim.[2] Plaintiff responded in opposition to the motion and, as an alternative, requests that he be given leave to amend his complaint to allege more facts in support of his fraudulent transfer claim.

---

[2] J. Morgan Hudson has since passed away. Allison Palmer Stockamore and Elizabeth Shelby Hudson, as co-representatives of his estate, were substituted as defendants. (##34, 37)

II. STANDARD OF REVIEW

When faced with a motion for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a plaintiff bears the burden of proving that the defendants are subject to the jurisdiction of the court. *See Lechoslaw v. Bank of Am. N.A.*, 618 F.3d 49, 54 (1st Cir. 2010); *Adams v. Adams*, 601 F.3d 1, 4 (1st Cir. 2010); *Astro-Med., Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). When no evidentiary hearing is held, as in this case, a *prima facie* standard applies.³ *See id.*; *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). To satisfy that standard, the plaintiff "'must go beyond the pleadings' and make a 'showing of personal jurisdiction ... based on evidence of specific facts set forth in the record.'" *S.E.C. v. Spencer Pharm. Inc.*, 2014 WL 6069850, at *3 (D. Mass. Nov. 14, 2014) (internal quotation marks omitted) (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)).

In determining whether the plaintiff meets his burden, the court "'is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'" *Id.* (quoting *Swiss Am. Bank, Ltd.*, 274 F.3d at 619); *see Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007) ("Under this standard, the court need only consider...whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction" [quotation marks and citations omitted]). The court may also consider any facts presented by the defendants, so long as they are uncontroverted. *See id.* (citing *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

---

³ In their motion, the Hudson defendants use the *prima facie* standard. Plaintiff does not argue that the Court should use another standard. The First Circuit has stated that the *prima facie* standard is "the least taxing of [the applicable] standards from a plaintiff's standpoint." *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83-84 (1st Cir. 1997).

III. <u>DISCUSSION</u>

Count I of the Second Amended Complaint is an ERISA action against Son, Inc. (#17 at 2.) Count II, against the Hudson defendants, alleges only a violation of the New Jersey Uniform Fraudulent Transfer Act. (*Id.* at 5.) The action falls within the court's federal question jurisdiction. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1367 (providing that courts that have federal question jurisdiction over a case also have supplemental jurisdiction to hear related state law claims). "When the district court's subject-matter jurisdiction rests wholly or in part on the existence of a federal question, the constitutional limits of the court's personal jurisdiction are drawn in the first instance with reference to the due process clause of the fifth amendment." *Lorelei Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991); *see Swiss Am. Bank, Ltd.*, 274 F.3d at 618. "[U]nder the Fifth Amendment, a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state." *Id.* (citing *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992)); *Nahigian v. Leonard*, 233 F. Supp.2d 151, 158 (D. Mass. 2002). "[S]ufficient contacts exist whenever the defendant is served within the sovereign territory of the United States." *Lorelei Corp.*, 940 F.2d at 719 (citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 950 n. 3 (1st Cir. 1984)); *accord United Elec., Radio & Mach. Workers of Am.*, 960 F.2d at 1085.

It is undisputed that the Hudson defendants both lived and worked in the United States. *See Nahigian*, 233 F. Supp.2d at 158 (finding that the defendants met the "minimum contacts with the United States" test simply because they lived in Texas). Further, the Hudson defendants were served in the United States. (Affidavit of Service, #7.) As a result, the Hudson defendants have sufficient contacts with the United States for purposes of the minimum contacts inquiry.

Even if the Hudson defendants have adequate contacts with the United States, however, the Court cannot exercise personal jurisdiction over them unless they are also subject to service of process under a federal rule or statute. *See Swiss Am. Bank, Ltd.*, 274 F.3d at 618; *United Elec., Radio & Mach. Workers of Am.*, 960 F.2d at 1085. "In other words, though personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." *Id.* (citing *Lorelei Corp.*, 940 F.2d at 719 n.1).

The principal mechanism for service of process in the federal courts is Rule 4 of the Federal Rules of Civil Procedure. *See id.*; *Lorelei Corp.*, 940 F.2d at 719. Rule 4(k) provides for the territorial limits of service:

> (1) In General. Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> > (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> >
> > (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
> >
> > (C) when authorized by a federal statute.

Fed. R. Civ. P. 4(k)(1). "An out-of-state defendant in a federal question case may properly be served if the federal statute conferring jurisdiction provides for nationwide service of process." *Wang v. Schroeter*, 2011 WL 6148579, at *4 (D. Mass. 2011) (citing Fed. R. Civ. P. 4(k)(1)(C) ("serving a summons ... establishes personal jurisdiction over a defendant when authorized by a federal statute").

As Plaintiffs correctly argue, ERISA is a statute that permits nationwide service:

7

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2); *see Nahigian*, 233 F. Supp.2d at 159.

As the Hudson defendants point out, however, Plaintiff did not sue them under ERISA, but only for a claim arising under the laws of New Jersey. Plaintiff argues that the Court may exercise jurisdiction over the Hudson defendants under the doctrine of pendent personal jurisdiction. Under that doctrine, "where a federal statute authorizes nationwide service of process, and the federal and state claims 'derive from a common nucleus of operative fact,' the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1056 (2d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see Nahigian*, 233 F. Supp.2d at 160. Exercise of jurisdiction under this doctrine is in the Court's discretion, and "[i]ts justification lies in considerations of judicial economy, convenience and fairness to the litigants." *Gibbs*, 383 U.S. at 726; *accord Amtrol, Inc. v. Vent-Rite Valve Corp.*, 646 F. Supp. 1168, 1174 (D. Mass. 1986).

The Court agrees with Defendants that regardless of whether the ERISA claim against Son Inc. and the Fraudulent Transfer claim against the Hudson defendants share a "nucleus of operative fact," pendant personal jurisdiction is inapplicable here because the fund did not bring a federal claim against the Hudson defendants. Plaintiff has cited no authority to the contrary. The cases Plaintiff cites all involve defendants who were sued under a federal statute that authorized service. *See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. LaCasse*, 254 F.Supp. 2d 1069, 1071-72 (N.D. Ill. 2003) (where defendant was sued for ERISA claim *and* state law fraudulent transfer claim, pendant jurisdiction applied to state law claim). In sum, the pendant personal

jurisdiction doctrine applies when a court already has "personal jurisdiction over a defendant as to one count of a multi-count complaint."[4] *See, e.g., Olin Corp.*, 47 F. Supp.2d at 155; *Home Owners Funding Corp. of Am. v. Century Bank*, 695 F. Supp. 1343, 1345 (D. Mass. 1988). That is not the case here.

If pendent personal jurisdiction is not an option in this case, then Rule 4(k) allows service only to the extent permitted by Massachusetts law. *See* Fed. R. Civ. P. 4(k); *Lorelei Corp.*, 940 F.2d at 719. In general:

> Since the "state statutes referred to cannot provide for service of process on a defendant outside the respective states unless the defendant has had the contact with that state that is required by the fourteenth amendment," *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d at 950, Rule 4[(k)] actually prescribes a two-step analysis. First, the federal court must determine whether the state's "long arm" or "doing business" statute authorizes it to exercise personal jurisdiction over the foreign defendant. If it does, the court must then determine whether the exercise of personal jurisdiction under the circumstances is consistent with due process under the fourteenth amendment. *See, e.g., Whistler Corp. v. Solar Electronics, Inc.*, 684 F. Supp. at 1129-31. Thus, even though the familiar fourteenth amendment "minimum contacts" doctrine exerts no direct restraint on the federal courts in federal question cases, under the existing statutory framework the minimum contacts analysis acts indirectly "as a precondition to the exercise of personal jurisdiction...." *Catrone v. Ogden Suffolk Downs, Inc.*, 647 F. Supp. 850, 855 (D. Mass. 1986), citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d at 950.

*Id.*; *see Bluetarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79 (1st Cir. 2013); *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005); *Noonan v. Winston Co.*, 135 F.3d 85, 89 (1st Cir. 1998); *Wang*, 2011 WL 6148579, at *4.

The Massachusetts long-arm statute allows for jurisdiction over a defendant "who acts directly or by an agent, as to a cause of action in law or equity arising from the person's ...

---

[4] The Court in *Olin Corp. v. Fisons PLC* noted that the doctrine of pendent personal jurisdiction derives from the doctrine of pendent subject matter jurisdiction. *See* 47 F. Supp.2d 151, 155 (D. Mass. 1999). Thus, in federal question cases, if the federal claims are dismissed, the court ordinarily dismisses the pendent state claims. *See id.* (citing *Cullen v. Mattaliano*, 690 F. Supp. 93, 99 (D. Mass. 1988)).

transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a). The First Circuit has "construed the Massachusetts long-arm statute as being coextensive with the limits permitted by the Constitution." *Adelson*, 652 F.3d at 80. The test for determining jurisdiction has "'three distinct components, namely, relatedness, purposeful availment (sometimes called "minimum contacts"), and reasonableness.'" *Id.* at 80-81 (citing *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002); quoting *Hannon v. Beard*, 524 F.3d 275, 282 (1st Cir. 2008)).

To demonstrate "relatedness," a plaintiff must show a nexus between his claims and the defendant's forum-based activities, such that the litigation is founded directly on those activities. *Id.* at 81. The "purposeful availment" component requires a showing that the defendants' contacts "'represent a purposeful availment of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of [Massachusetts's] laws and making [their] presence before [Massachusetts'] courts foreseeable.'" *Id.* (quoting *Daynard*, 290 F.3d at 60). And a showing of "reasonableness" concerns: (i) the burden on the defendant to appear in the state; (ii) the state's "interest in adjudicating the dispute"; (iii) the plaintiff's "interest in obtaining convenient and effective relief"; (iv) "the judicial system's interest in obtaining the most effective resolution of the controversy"; and (v) "the common interests of all sovereigns in promoting substantive social policies." *Id.* (citations omitted).

In this case, Plaintiff has made no effort to show that the Court can exercise jurisdiction over the Hudson defendants under the Massachusetts long-arm statute. *See Spencer Pharm. Inc.*, 2014 WL 6069850, at *3 (holding that a plaintiff must present evidence in support of his jurisdictional claim). In fact, Plaintiff makes no argument for personal jurisdiction beyond the theory of pendent

jurisdiction. Nothing in the Second Amended Complaint, nor the proposed amended complaint, supports a claim that the Hudson defendants have any significant connection to Massachusetts. Under these circumstances, the Court cannot exercise jurisdiction over the Hudson defendants. Accordingly, the Court recommends that the Hudson defendants' Motion to Dismiss be granted for lack of personal jurisdiction.

Plaintiff seeks leave to file an amended complaint in the event that the Court finds his claims deficient under Rule 12(b)(6). (#27 at 13.) Nothing in the proposed amended complaint goes to the issue of jurisdiction. Because the Court lacks personal jurisdiction over the Hudson defendants, it cannot consider the substance of Plaintiff's claims. *See Daynard*, 290 F.3d at 50. Consequently, the Court also recommends that Plaintiff's Motion for Leave to Amend (#27), which focuses exclusively on the merits of his state law claim, be denied as futile.

IV.    CONCLUSION

For the reasons stated above, the Court recommends that the Hudson defendants' Motion to Dismiss (#23) be ALLOWED, for lack of personal jurisdiction,[5] and that Plaintiff's alternative Motion for Leave to Amend (#27) be DENIED.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See*

---

[5] As the Court recommends that the complaint against the Hudson defendants be dismissed for lack of personal jurisdiction, the Court does not reach Defendants' motion that the complaint be dismissed with prejudice for failure to state a claim.

*Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

December 30, 2014

/s / M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge